IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| v. | \|   CRIMINAL INDICTMENT NO. |
|  | \|   1:18-CR-00425-SCJ-JSA |
| BRODERICK LEWIS TAYLOR | \| |

**FINAL REPORT AND RECOMMENDATION**

Defendant is charged with two counts of being a convicted felon illegally in possession of firearms, in violation of Title 18, United States Code, Section 922(g)(1).  Defendant moves to dismiss the Indictment, arguing that the felon-in-possession statute is unconstitutional at least as applied to him, as an infringement of his rights to bear arms under the Second Amendment and to equal protection of the laws under the Fifth Amendment, and as exceeding Congress' Commerce Clause powers.  After the Government's response [25] and the time period for a reply brief by May 17, 2019 has passed, *see* Minute Order [22], the matter is deemed submitted to the undersigned as of May 20, 2019.  The undersigned **RECOMMENDS** that Defendant's Motion be **DENIED**.[1]

---

[1] The Defendant also moved to suppress evidence [18], and the Court convened an evidentiary hearing on that motion on March 29, 2019 [22].  Subsequent to the hearing, and based on the testimony and other evidence introduced therein, the Defendant withdrew his motion to suppress [24][26].  The Defendant did not

## I.  Second Amendment

In 2008, the U.S. Supreme Court confirmed that the Second Amendment "confer[s] an individual right to keep and bear arms." *District of Columbia v. Heller*, 554 U.S. 570 (2008).  Defendant argues that his individual Second Amendment right to possess a firearm is infringed by application of 18 U.S.C. § 922(g)(1), which, based on his criminal history, criminalizes his possession of any firearm that has traveled in commerce.  Defendant characterizes his argument as challenging the felon-in-possession statute as applied to him specifically, not necessarily to the statute on its face.

*Heller*, however, concerned the rights of citizens not otherwise "disqualified from the exercise of Second Amendment rights." *Id.* at 636.  For such a citizen, that is, "[a]ssuming that [he or she] is not disqualified," *Heller* found that the blanket restriction on all handgun possession in the home within the District of Columbia to infringe the Second Amendment.  *Heller*, however, clarified that "the right secured by the Second Amendment is not unlimited," and the Court expressly limited its recognition of such rights to those individuals not disqualified from firearm possession.  *Id.* at 626-627, 636.  Indeed, the Court stated in no uncertain terms that "nothing in our opinion should be taken to cast doubt on longstanding

---

withdraw the instant motion to dismiss, which is the subject of this Report and Recommendation.

prohibitions on the possession of firearms by felons [among other prohibitions]." *Id*. at 626-627.  Thus, *Heller* does not provide or suggest authority for dismissal of Defendant's Indictment.

More to the point, the Eleventh Circuit in published, controlling precedent, has specifically rejected the argument that Defendant advances here, that is, that Section 922(g)(1) is unconstitutional as applied to previously convicted felons who may have possessed firearms for otherwise lawful purposes.  *See United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010).  The Eleventh Circuit discussed *Heller* at length, and concluded:

> Thus, statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class. Therefore, the fact that Rozier may have possessed the handgun for purposes of self-defense (in his home), is irrelevant.

*Id*. at 771.

Just like the Defendant in *Rozier*, the Defendant here argues that his Second Amendment rights are infringed by the prohibition against him possessing a firearm "for any purpose whatsoever," and even if "he is not alleged to have used it in an unlawful manner."  Def. Mot. [21] at 5.  As *Rozier* explains, however, "the motive behind [a felon's] possession of the handgun is irrelevant."  *Rozier*, 598 F.3d at 770.  Rather, the application of 18 U.S.C. § 922(g)(1) is constitutional,

regardless of a felon's purpose for possessing a gun. *Id*. This controlling holding requires denial of Defendant's Second Amendment argument.[2]

## II.    *Commerce Clause*

Defendant next invokes the Commerce Clause, arguing that Congress exceeded its authority under that Clause to regulate possession of firearms by convicted felons. Both the Supreme Court and Eleventh Circuit, however, have rejected this argument too, and has upheld Commerce Clause challenges to § 922(g)(1), in controlling caselaw. *See, e.g., Scarborough v. United States*, 431 U.S. 563, 571 (1996); *United States v. Wright*, 607 F.3d 708, 715-716 (11th Cir. 2010); *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996). This Court is simply without power to re-visit these determinations.[3]

---

[2] Defendant's Second Amendment argument fails whether considered as a facial or as-applied challenge to the statute. It bears noting, however, that Defendant does not really make an as-applied challenge. His argument is that the statute violates *Heller* by abrogating an individual's right to possess a firearm, for any purpose whatsoever, based solely on a prior conviction. This is not an argument specific to the Government's application of § 922(g)(1) to the Defendant. Rather, it is an argument that the statute is necessarily unconstitutional as to any individual. Regardless, whether Defendant's challenge is categorized as an as-applied challenge or not is moot. As *Heller* itself suggests in *dicta*, and *Rozier* and other subsequent authorities make clear, the Second Amendment does not bar criminal prohibitions against possession of firearms by felons.

[3] Defendant also argues that *United States v. Lopez,* 514 U.S. 549 (1995) affords a "powerful argument" that Section 922(g) operates unconstitutionally where the only interstate commerce nexus is the mere fact that firearms had previously traveled interstate, and asserts, without citing any authority, that "[t]he mere

Defendant argues that "the Supreme Court has not addressed the validity of Congress's exercise of its commerce power in the context of the fundamental right to bear arms guaranteed by the Second Amendment." Def. Mot. [21] at 10. But courts in this district and elsewhere have specifically rejected this argument, finding that "[t]he *Heller* decision … does not give any indication that the Supreme Court intended to diminish Congress's power under the *Commerce Clause*." *United States v. Jones*, 673 F.Supp.2d 1347, 1354-1355 (N.D.Ga. 2009) (Story, J.) (quoting *United States v. Moore*, No. 3:09CR18, 2009 WL 1033363, *2 (W.D.N.C. April 17, 2009)) (gathering other authority). This authority is persuasive and correct and warrants denial of Defendant's argument here.[4]

### III.   *Equal Protection*

---

allegation that firearms were manufactured outside of the state of possession is insufficient to confer federal jurisdiction in this case." Def. Mot. [21] at 9-10. But Defendant does not acknowledge that the Eleventh Circuit has also specifically and roundly rejected a *Lopez*-based challenge to Section 922(g), and, directly opposite to Defendant's assertion, has found that the minimal interstate nexus test whereby a firearm had "previously traveled in interstate commerce" is a permissible basis to apply the statute. *See McAllister*, 77 F.3d at 390 (11th Cir. 1996). The Court understands and respects the need to preserve arguments that might potentially be re-visited one day by the Supreme Court or Eleventh Circuit *en banc*, but counsel is reminded of the obligation to acknowledge and cite adverse controlling law that currently binds this court to deny the motion.

[4] Because the prohibition of firearms that meet the minimal interstate nexus test represents a valid exercise of Commerce Clause power, it is also not a violation of the Tenth Amendment to regulate the possession of such firearms even if such possession was wholly intrastate. *See Jones*, 673 F.Supp.2d at 1354-1355.

Finally, Defendant challenges Section 922(g) as violating his right to Equal Protection under the Fifth and/or Fourteenth Amendments, on the basis that it incorporates differing state laws defining felony conduct and the circumstances entitling felons to restoration of civil rights.  Def. Motion [21] at 11-16.  As part of this argument, Defendant argues that Section 922(g) is subject to strict scrutiny in light of its infringement on Second Amendment rights.  *Id*.

As noted above, however, *Heller* did not provide or suggest that Section 922(g) infringes on Second Amendment rights.  To the contrary, *Heller* only applies to individuals not "disqualified from the exercise of Second Amendment rights," *id.* at 636, and the Court stated, albeit in *dicta*, that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons [among other prohibitions]."  *Id*. at 626-627.

Thus, Judge Story in *Jones*, gathering substantial national authority, thoroughly analyzed and rejected nearly the verbatim argument made by Defendant here.  *See Jones*, 673 F.Supp.2d at 1354-1355.  Judge Story found that *Heller* did not confer a "fundamental" individual right in these circumstances that is protected by strict scrutiny review, at least with regard to the illegal possession of firearms by individuals subject to a legal disqualification.  Following the overwhelming weight of the caselaw, Judge Story rather applied intermediate scrutiny to Section 922(g), and followed several persuasive decisions finding that prohibiting felons from

possessing firearms is substantially related to the important governmental objective of public safety and is therefore constitutional. *See id*. This Court is persuaded by Judge Story's analysis, and that of the other cases upon which *Jones* is based. The conclusion of *Jones* naturally follows from the Supreme Court's language in *Heller* and the Eleventh Circuit's subsequent decisions clarifying *Heller*'s limited application to Section 922(g), including *Rozier*. Thus, Defendant's Equal Protection Clause challenge fails.

## CONCLUSION

Thus, it is **RECOMMENDED** that Defendant's Motion to Dismiss [21] be **DENIED**.

This matter is now **READY FOR TRIAL**.

IT IS SO **RECOMMENDED** this 17th day of June, 2019.

_____
**JUSTIN S. ANAND**
**UNITED STATES MAGISTRATE JUDGE**