IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

BRODERICK LEWIS TAYLOR,

Defendant.

CRIMINAL CASE NO.

NO. 1:18-CR-00425-SCJ

ORDER

This matter appears before the Court on the June 17, 2019 Report and Recommendation (Doc. No. [27]) issued by the Honorable Justin S. Anand, United States Magistrate Judge, in which he recommended that the Defendant's Motion to Dismiss (Doc. No. [21])[1] be denied.

The Court incorporates by reference the facts and procedural history stated in the R&R. Doc. No. [27].

---

[1] The motion seeks to dismiss "Counts 3–5 of the bill of indictment," however, there are only two counts in the Indictment. Doc. No. [21], p. 16. The Court considers this to be a typographical error and construes the motion as seeking to dismiss the entire indictment.

On July 1, 2019, Defendant Taylor filed objections the R&R in which he objects to the Magistrate Judge's legal conclusions, stating that his arguments "under the Commerce Clause and the Equal Protection Clause have not been addressed or resolved by either the Eleventh Circuit or the United States Supreme Court and thus, they remain an open question." Doc. No. [30], p. 2.

When objections are filed in the context of a dispositive motion, the Court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

The Court notes that Defendant's motion was filed on March 22, 2019 and challenged the November 6, 2018 Indictment (Doc. No. [1]). After the R&R and objections were filed, a superseding indictment was obtained by the Government on August 13, 2019 (Doc. No. [32]). The superseding indictment appears to add and delete serial numbers as to the descriptions of the guns at issue, while the substantive charges remain. The superseding indictment renders the original

motion to dismiss **MOOT**. See United States v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994) ("Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment . . . .").

However, to the extent that it is proper to consider the motion as applying to the Superseding Indictment, Defendant's objections are **OVERRULED**.[2]

On the whole, after *de novo* review, the Court concludes that the R&R "is correct in law and fact"—and is accepted by this Court. Griffin v. GMAC, No. 1:05-CV-0199, 2008 WL 11334068, at *1 (N.D. Ga. Mar. 5, 2008).

Accordingly, the R&R (Doc. No. [27]) is **ADOPTED** as the order of the Court, and the Defendant's objections (Doc. No. [30]) are **OVERRULED**. Defendant's Motion to Dismiss Indictment (Doc. No. [21]) is **MOOT** and to the extent not moot, the motion is **DENIED**.

IT IS SO ORDERED this 19th day of August, 2019.

*Steve C. Jones*
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[2] See e.g., United States v. Waddell, No. CR415-095, 2016 WL 3647632, at *1 n.1 (S.D. Ga. June 29, 2016) (electing to rule on the merits of defendant's arguments on a motion to dismiss, after a superseding indictment).

3